## Thomas Loan *v.* George Gillmor, Appellant.

*Contract—Commissions from sale of realty—Evidence.*

In an action to recover half of the commissions from the sale of real estate the case is for the jury where the evidence for plaintiff is in effect that plaintiff had in charge the sale of a valuable oil property, but finding that on account of failing sight he could not give the matter personal attention, he arranged with defendant to sell the property, defendant agreeing to share the commissions with him.

In such a case it is immaterial that at the time the agreement was made between plaintiff and defendant the property had. been withdrawn from the market, and that negotiations with the purchaser whom plaintiff had approached, were not resumed until some time afterwards.

Argued Nov. 6, 1894. Appeal, No. 256, Oct. T., 1894, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1893, No. 530, on verdict for plaintiff. Before STERRETT, C. J., WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit for share of commissions. Before EWING, P. J.

The facts appear by the opinion of the Supreme Court.

Defendant's offer to prove that plaintiff was doing business as a broker without a license, and that the contract in suit arose out of his business of real estate broker, was rejected. Exception. [4]

Defendant's points were as follows:

" 1. No cause of action is set forth in plaintiff's statement of claim, and therefore the plaintiff cannot recover." Refused. [1]

" 2. No contract with defendant by plaintiff whereby plaintiff agreed to pay any money or perform any obligation has been proven, and therefore the verdict must be for the defendant." Refused. [2]

" 3. The alleged contract between plaintiff and defendant is void for want of consideration, if the jury find from the evidence that the property had been withdrawn from the market by Mr. Pew at the time of the alleged agreement between plaintiff and defendant, and their verdict must be for defendant." Refused. [3]

Verdict and judgment for plaintiff for $2,467.25.

*Errors assigned* were (1–3) instructions; (4) ruling; quot-ing instructions and bills of exception.

*A. Leo Weil* and *James H. Reed, P. C. Knox* with them, for appellant, cited: Clark v. Russel, 3 Watts, 213; Langdell's Contracts, § 4, p. 3; Hare on Contracts, 304–309; Train v. Gold, 5 Pick. 380; Church v. Kendall, 121 Mass. 528; Mor-row v. Waltz, 18 Pa. 118; Weaver v. Wood, 9 Pa. 220; Kirk-patrick v. Muirhead, 16 Pa. 117; Johnson v. Hulings, 103 Pa. 498.

*John B. Chapman, J. W. Lee* with him, for appellee, cited, as to plaintiff's statement: Eckert v. Schock, 155 Pa. 531.

OPINION BY MR. JUSTICE FELL, Jan. 7, 1895:

This action was to recover of the defendant one half of the sum which he received for his services in negotiating the sale of a valuable oil property by the Peoples' Gas Company to the Forest Oil Company. The plaintiff had been employed to nego-tiate a sale of the property, but had been unsuccessful. There was no general market for such a property, and it was not to be advertised or offered to any one without first submitting to the owner the name of the proposed purchaser. But two par-ties were found who would consider the subject of purchasing. With one of these the owners declined to negotiate, and the other, who afterward became the purchaser, would not pay the price then asked, $400,000. At the time of the alleged agree-ment between the plaintiff and the defendant no negotiations for a sale of the property were pending, and it was understood that it had been withdrawn from the market. The plaintiff believed that the Forest Oil Co. was the only party likely to buy, and that a sale could be made to it when the market re-vived; and being unable to give further personal attention to the matter, because of failing sight, saw the defendant for the purpose of arranging with him to renew the negotiations at the proper time and for their joint benefit.

The plaintiff claimed to recover upon an express agreement. His case was that he had told the defendant all that had occur-red between himself and the owner, in relation to the matter, and between himself and the Forest Oil Co., and that while the property was nominally withdrawn it could be sold if a pur-

chaser could be found, and that the Forest Oil Co. would probably purchase, but that it would be useless to attempt further negotiations at that time or until the market improved; that he then proposed to the defendant that he should take his place in the matter, watch the property and the market, and proceed cautiously when the proper time arrived, saying at the time : " Across the street is the buyer, down the street four blocks is the seller, and you have an office here and are stationed here, and you watch it," and that they would divide the commissions received. This he claimed was agreed to by the defendant, and that the agreement was made known to the president of the gas company, who was told that the defendant would thereafter act for the plaintiff in the matter. Seven months after this alleged agreement the defendant succeeded in effecting a sale to the Forest Oil Co. and received from the seller a commission of $5,000.

If the jury found this agreement had been made, there was the further question whether it was in force at the time the sale was effected and the commission earned. This was submitted with proper instructions, and we find no error in the record.

The judgment is affirmed.